UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ZACHARY WHITEHEAD, JAZZMIN WHITEHEAD,**

    *Plaintiffs*,

v.

**VANDERHALL MOTOR WORKS, INC., HALL LABS, LLC, GENERAL MOTORS, LLC, BJORN GOLBERG,**

    *Defendants*.

Case No. 5:24-CV-01327-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Zachary and Jazzmin Whitehead's ("Plaintiffs") Motion to Remand to State Court. *ECF No. 15*. Defendant Vanderhall Motor Works, Inc. filed a Response. *ECF No. 18*. Plaintiffs did not file a Reply. Upon consideration, the Court concludes Plaintiffs' Motion to Remand to State Court shall be **GRANTED**. *ECF No. 15*.

### BACKGROUND

This is an automotive products liability action brought by Zachary and Jazzmin Whitehead ("Plaintiffs") against Defendants: (1) Vanderhall Motor Works, Inc.; (2) Hall Labs, LLC; (3) General Motors, LLC; and (4) Bjorn Golberg. *ECF No. 1-4*. Plaintiffs originally filed this action on October 1, 2024, in the 456th Judicial District of Guadalupe County, Texas, asserting strict products liability and negligence causes of action. *Id*.

In Plaintiffs' First Amended Petition, Plaintiffs allege on January 10, 2023, Plaintiff Zachary Whitehead drove a 2020 Vanderhall Venice with VIN No. 7KGTC2V10LR000059 (the

"vehicle") on Huber Road in Guadalupe County, Texas. *Id. at 5*. After applying the brakes, the vehicle lost stability and veered off the roadway ultimately rolling and landing overturned on Plaintiff Zachary Whitehead. *Id. at 5*. Plaintiff Zachary Whitehead suffered disabling injuries in the crash. *Id. at 6*.

Defendant Vanderhall Motor Works, Inc. ("Vanderhall") filed a Notice of Removal on November 15, 2024, asserting this action may be properly removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See ECF No. 1*. In its Notice of Removal, Vanderhall argues Plaintiffs improperly joined Defendant Bjorn Golberg ("Golberg"), a resident of Texas, and Plaintiffs' strict products liability and negligence causes of action asserted against Golberg have no possibility of success. *ECF No. 1 at 9–12*.

Plaintiffs filed the instant Motion to Remand to State Court on December 13, 2024, contending Golberg is a properly joined party whose presence in this action defeats complete diversity and strips the Court of jurisdiction. *ECF No. 15*. Vanderhall filed a Response on December 27, 2024, opposing Plaintiffs' Motion. *ECF No. 18*.

## LEGAL STANDARD

### I. Subject Matter Jurisdiction

The federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The federal diversity statute provides the federal district courts with original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and where the parties are citizens of different states. *See* 28 U.S.C. § 1332(a). This statute requires "complete diversity," meaning the statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal district courts also have removal jurisdiction over civil actions that could have originally been brought in federal court. 28 U.S.C. § 1441(a); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The federal removal statute provides a suit may be removed from state court "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." § 28 U.S.C. 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004); *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 588 (S.D. Tex. 2012) (noting an improperly joined defendant's citizenship is disregarded for the purposes of diversity jurisdiction).

Critically, "because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995) (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 809 (1986)). Accordingly, the removal statute is "strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

I. **Improper Joinder Standard**

The burden of proving complete diversity exists rests upon the party seeking to invoke the court's diversity jurisdiction. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). Thus, a removing defendant has the "heavy burden" of establishing removal was proper. *Smallwood*, 385 F.3d at 574. There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of a plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citation omitted).

Here, Vanderhall relies only on the second test. Therefore, the Court evaluates "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. For remand to be granted, a plaintiff should have more than a "mere theoretical possibility of recovery under local law." *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000) (emphasis removed).

Ordinarily, a plaintiff can show a reasonable basis of recovery if he can survive a 12(b)(6) motion to dismiss for failure to state a claim. *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (citations omitted). This means a plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The facts alleged "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

When assessing whether a plaintiff seeking remand satisfies the 12(b)(6) standard in stating a cause of action against an in-state defendant, a court considers the allegations in the complaint available at the time of removal. *Davidson*, 819 F.3d at 765 (citation omitted); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."). Because the purpose of improper joinder inquiry is to determine a procedural matter, the focus of this inquiry must be on the joinder, not on the merits of the plaintiff's

4

case. *Smallwood*, 385 F.3d at 573. The Court does not consider "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only the "possibility that the plaintiff might do so." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

In some cases, a complaint can meet the 12(b)(6) standard, but "misstat[e] or omi[t] discrete facts that would determine the propriety of joinder." *Smallwood*, 385 F.3d at 573. In such cases, "hopefully few in number," a court may "pierce the pleadings" and conduct a summary inquiry. *Id*. In this inquiry, a court may consider additional, summary-judgment type evidence, such as affidavits and deposition testimony, to determine whether the plaintiff "truly has a reasonable possibility of recovery in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) (citation omitted); *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

As a summary inquiry "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," courts should keep summary inquiry on a "tight judicial tether;" "discovery by the parties should be sharply tailored to the question at hand, and only after a showing of its necessity." *Smallwood*, 385 F.3d at 574. In keeping with the nature of improper joinder analysis, summary inquiry should be "a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined." *Id*.

Any contested issues of fact or ambiguous questions of state law involved in the inquiry must be resolved in favor of remand. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (citations omitted). If it is uncertain whether Plaintiffs "will be able to prove [their] allegations . . . to the satisfaction of the trier of fact," then remand will be appropriate. *Gray*, 390 F.3d at 410.

## ANALYSIS

### I. Plaintiffs' Strict Products Liability Cause of Action

Vanderhall claims Plaintiffs' strict products liability cause of action asserted against Golberg has no possibility of success "because Golberg does not qualify as a 'seller' under Texas Civil Practice & Remedies Code § 82.001(3)." *ECF No. 1 at 9–11; ECF No. 18 at 10–11*. In their Motion to Remand, Plaintiffs counter they sufficiently allege Golberg's liability as a "seller" pursuant to § 82.001(3). *ECF No. 15 at 12–17*.

Under the Texas Civil Practice and Remedies Code, a "products liability action" means "any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product, whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories." Texas Civ. Prac. & Rem. Code § 82.001(2). To be liable as a "seller" in a Texas products liability action, a defendant must be "engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." *Id*. at § 82.001(3).

A seller that did not manufacture a product (a "non-manufacturing seller") is not liable for harm caused by a product, however, unless the claimant proves one of the exceptions enumerated in the statute applies. *Amazon.com, Inc. v. McMillan*, 625 S.W.3d 101, 106 (Tex. 2021) (citing Tex. Civ. Prac. & Rem. Code § 82.003).[1] The only exception at issue in this case is the "actual knowledge" exception set out in § 82.003(a)(6), which provides:

> (a) A seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves:

---

[1] Chapter 82 also creates a statutory duty for manufacturers to indemnify innocent sellers. Tex. Civ. Prac. & Rem. Code § 82.002.

6

> . . .
>
> (6) that:
>
> > (A) the seller actually knew of a defect to the product at the time the seller supplied the product; and
> >
> > (B) the claimant's harm resulted from the defect[.]

Tex. Civ. Prac. & Rem. Code § 82.003(a)(6).

Here, the Court cannot hold there is no reasonable basis to predict Plaintiffs might be able to recover against Golberg. Plaintiffs' First Amended Petition includes the following factual allegations:

> On information, Gol[]berg was in the business of buying and re-selling three-wheeled autocycles, such as the Vanderhall vehicle in question. Gol[]berg bought the subject vehicle, made one or more repairs, then re-sold it back into the stream of commerce prior to the crash involving Whitehead. The Vanderhall, which was already defective and unreasonably dangerous when it left Vanderhall's possession as set forth above and herein, remained defective and unreasonably dangerous when Gol[]berg sold the Vanderhall and it left Gol[]berg's possession. Gol[]berg failed to warn the buyer or anyone else about the risks posed by the defective and unreasonably dangerous vehicle.

*ECF No. 1-14 at 10*. Specifically, regarding Plaintiffs' strict products liability cause of action, Plaintiffs further allege "Goldberg knew or should have known that the Vanderhall lacked certain safety features and was defective in one or more ways that rendered the Vanderhall unreasonably dangerous at the time it sold the vehicle to a consumer," and the "condition(s) and/or defect(s) that rendered the vehicle unreasonably dangerous were producing causes and proximate causes of the crash and [Zachary] Whitehead's life-altering and severe injuries." *Id. at 27*. Taking these factual allegations in Plaintiffs' First Amended Petition as true and drawing all inferences in the light most favorable to them, the Court is of the opinion there is more than a theoretical possibility Plaintiffs could recover under state law against Golberg.

7

In declining to pierce the pleadings, the Court notes summary inquiry is appropriate only in "rare" instances. *Ray v. FCA US LLC*, No. 2:17-CV-00086, 2017 WL 3033425 at *7 (S.D. Tex. July 18, 2017) (citing *Lott v. Dutchmen Mfg., Inc.*, 422 F. Supp. 2d 750, 755 (E.D. Tex. 2006)). Moreover, "actual knowledge" by a non-manufacturing seller is not typically the kind of "discrete and undisputed fac[t]" summary inquiry is meant to establish. *Id.* (citing *Garcia v. Ford Motor Co.*, 2013 WL 12137090, at *6-7 (S.D. Tex. May 10, 2013). Instead, the Fifth Circuit has repeatedly commented it is facts "that easily can be disproved if not true" which are best suited for summary inquiry. *Smallwood*, 385 F.3d at 574 (citing *Travis*, 326 F.3d at 648-49) (identifying such "discrete and undisputed facts" as: "[T]he in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged[.]"). Accordingly, the Court finds a "general averment" of actual knowledge, of the type Plaintiffs allege in their operative pleading, is not a "discrete" factual issue. *Ray*, 2017 WL 3033425 at *7 (citing *Garcia*, 2013 WL 12137090 at *7).

Notably, even if the Court were willing to pierce the pleadings to let Vanderhall present summary-judgment type evidence, Plaintiffs' allegation that Golberg is a "seller" would still be in dispute. While Vanderhall argues Golberg "is simply an individual who chose to sell one of his personal vehicles to another individual" and "not a manufacturer, wholesaler, or retailer of any kind," these arguments ignore the liability non-manufacturing sellers are subject to pursuant to § 82.003, as detailed above. *ECF No. 1 at 11*.

In its Notice of Removal and Response to Plaintiffs' Motion to Remand, Vanderhall cites *New Tex. Auto Auction Servs., L.P. v. Gomez De Hernandez*, 249 S.W.3d 400 (Tex. 2008) for the proposition "individuals who facilitate the sale of products on an occasional basis" should not be held accountable under products liability laws. *ECF No. 1 at 9; ECF No. 18 at 8*. However, *New*

*Tex. Auto Auctions Servs., L.P.* concerns auctioneer liability. 249 S.W.3d 400 (Tex. 2008). Vanderhall presents no authority from Texas courts extending its holding beyond auctioneers. The result therefore is Vanderhall presents no authority from Texas courts in support of its claim Golberg does not qualify as a seller pursuant to § 82.003. The Court "will not create 'innovative theories of recovery or defense' under local law, but will rather merely apply it 'as it currently exists.'" *Johnson v. Sawyer*, 47 F.3d 716, 729 (5th Cir. 1995). As such, viewing all facts in the light most favorable to Plaintiffs, the Court finds Vanderhall has established only that a factual issue exists which would require resolution by a jury. Vanderhall has not established that Plaintiffs cannot possibly recover against Golberg.

In so finding, the Court emphasizes in an improper joinder analysis, "district courts must not 'pre-try' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an instate defendant is fraudulent." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981); *see also Smallwood*, 385 F.3d at 573 ("[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."). The Fifth Circuit has held a defense upon which fraudulent joinder is based requiring a determination of the merits should be disposed of by the state court. *See Smallwood v. Illinois Central R.R. Co.*, 342 F.3d 400, 405 (5th Cir.2003) (*en banc* hearing granted on other grounds); *see also B., Inc.*, 663 F.2d at 546; *Travis*, 326 F.3d at 648. Additionally, the Court "do[es] not determine whether the [P]laintiff[s] will actually or even probably prevail on the merits of [their] claim" against Golberg but only finds there is a "possibility that [P]laintiff[s] might do so." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005).

Accordingly, Vanderhall has not met its "heavy burden" of demonstrating Golberg was improperly joined in this action. *See Smallwood*, 385 F.3d at 574. Therefore, removal is improp-

er and remand under these circumstances is required.

## II. Plaintiffs' Negligence Cause of Action

Where a plaintiff attempts to state multiple causes of action against in-state defendants, if even one of the causes of action presents a reasonable probability of recovery in state court, a remand is necessary. *See Green v. Amerada Hess Corp.*, 707 F.2d 201, 208 (5th Cir. 1983) ("If even one of [Plaintiffs'] many claims might be successful, a remand to state court is necessary.") (citation omitted). Because the Court concludes Vanderhall has not demonstrated the absence of a reasonable basis to predict recovery by Plaintiffs against Golberg under section 82.003(a)(6), the Court need not discuss the alternate exceptions to section 82.003 or Vanderhall's similar arguments relating to Plaintiffs' negligence cause of action.

## CONCLUSION

Having considered Plaintiffs' Motion to Remand to State Court, the record, and relevant law, Plaintiffs' Motion, (*ECF No. 15*), is **GRANTED**.

Accordingly, it is **ORDERED** this case be **REMANDED** to state court. The referral to the Magistrate Judge is **WITHDRAWN**. All other motions pending in this action are **DISMISSED AS MOOT**. The Clerk of Court shall affect the remand according to the usual procedure and close this case.

It is so ORDERED.
SIGNED this 4th day of April, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE